VINCENT NGUYEN
vincentduc@yahoo.com
4090 Sacramento Avenue
San Jose, CA 95111
408-781-8416
Plaintiff in Pro Se

FILED
FEB 19 PM 12:06
CLERK
U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT NGUYEN, ) | Case No. C 07-06087 EDL |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S INITIAL** |
| ) | **CASE MANAGEMENT STATEMENT** |
| v. ) | **AND RULE 26(f) REPORT** |
| ) | |
| UNITED AIRLINES INC. ) | Conference Date: March 11, 2008 |
| ) | Time: 10:00 a.m. |
| Defendant. ) | Judge: Honorable Elizabeth D. Laporte |

Plaintiff Vincent Nguyen ("Nguyen") in pro se submits his Initial Case Management Statement in accordance with Northern District Local Rule 16-9(a) and Rule 26(f) of the Federal Rules of Civil Procedure. Local Rule 16-9 allows parties to file separate case management statements if one or more parties is not represented by counsel. Plaintiff has not been contacted by any attorney representing defendant United Airlines Inc. ("United").

## 1. JURISDICTION AND SERVICE

Nguyen brings this action under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

Nguyen understands that the United States Marshal is in the process of serving United.

///

///

///

///

## 2. FACTS

Nguyen had worked for United as a flight attendant for more than a decade before he transferred to the Hong Kong office and chose to permanently reside in Vietnam and commute to Hong Kong. With management's approval, he took a three-day paid settling time (from February 28 to March 2, 2006), a benefit afforded any flight attendant under similar circumstances. He went to Vietnam on February 25, 2006, bringing personal belongings and furnishings with him. While in Vietnam, he attempted to renegotiate the lease for the Vietnam residence he shared with his stepfather. Negotiations with the landlord failed and Nguyen moved to a relative's home. Nguyen returned to Hong Kong on March 6, 2006. Accusing Nguyen of taking paid settling days under false pretenses, United fired Nguyen on June 20, 2006 on the pretext that Nguyen had "not provided any documentation to prove that there were any settling activity" during the three-day period, in violation of certain provisions of the Flight Attendant Operations Manual.

United unfairly chose to frame at worst a matter of personnel leave policy as a matter of credibility and loyalty to fire a Vietnamese immigrant with a clean record of over ten years of service.

Would United have fired Nguyen if he were not Vietnamese?

## 3. LEGAL ISSUES

Nguyen is not aware of any disputed points of law at this time.

## 4. MOTIONS

There are no prior or pending motions. Nguyen has no anticipated motions at this time.

## 5. AMENDMENT OF PLEADINGS

Nguyen reserves the right to amend his Complaint. Additional claims may be identified and added to the pleadings based on information obtained during the proceedings, and added legal bases for Nguyen's claims may be determined to exist.

## 6. EVIDENCE PRESERVATION

Nguyen is preserving any evidence that could reasonably be related to this action.

**7. DISCLOSURES**

Nguyen will make the initial disclosures in compliance with Fed. R. Civ. P. 26 or as ordered by the Court.

**8. DISCOVERY**

No discovery has been taken by the parties to date.

Nguyen will need discovery on, without limitation, the following subjects:

- the employment relationship between Nguyen and United;
- the circumstances related to United's firing of Nguyen;
- United's policy and practice related to discipline of flight attendants;
- United's policy and practice related to termination of flight attendants;
- United's policy and practice related to paid settlement time for flight attendants;
- statistics related to United's hiring, discipline, and firing of flight attendants broken down by location, race, national origin, action taken, and reason for action taken;
- statistics related to all disciplinary actions taken by United's hearing officer (who fired Nguyen) against flight attendants broken down by location, race, national origin, action taken, and reason for action; and
- Nguyen's employee files.

**9. RELATED CASES**

Nguyen is aware of no cases related to this action.

**10. RELIEF**

Nguyen seeks such relief as may be appropriate, including injunctive orders, compensatory and consequential damages, costs, and attorney fees.

**11. SETTLEMENT AND ADR**

Nguyen has not been contacted by any attorney representing United. Nguyen prefers mediation, but he is open to other forms of ADR.

**12. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Nguyen has filed his consent to having a magistrate judge conduct all further proceedings.

### 13. OTHER REFERENCES

Nguyen does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

Nguyen is not presently in a position to address whether it is feasible or desirable to:

    (a) narrow the issues in the case by agreement or motion,

    (b) bifurcate the issues, claims, or defenses at trial, or

    (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

### 15. EXPEDITED SCHEDULE

Nguyen does not believe that this is the type of case that can be handled on a expedited basis with streamlined procedures.

### 16. SCHEDULING

Nguyen cannot estimate at this time how long will be needed for discovery, trial preparation, or trial, without the information that will be presented in United's response.

### 17. TRIAL

Nguyen has requested a jury trial. Nguyen does not yet have enough information to provide an estimate of the proposed length of the trial.

### 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Contemporaneous with the filing of this Case Management Statement, Nguyen will file his Certification of Interested Entities or Persons. Nguyen certifies that as of this date, other than the named parties, there is no such interest to report.

///

///

///

Dated: February 19, 2008

*Vincent D. Nguyen* (signature)

Vincent Nguyen
Plaintiff in Pro Se
vincentduc@yahoo.com
4090 Sacramento Avenue
San Jose, CA 95111
408-781-8416

C 07-06087 EDL
PLAINTIFF'S INITIAL CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT

-5-